In the matter of J. W. KOLLMANN, an Insolvent Debtor.

November 23, 1885.

**Insolvency—Preference.**—The words "when any debtor, being insolvent, shall do any act whereby any one of his creditors shall obtain a preference over any other of his creditors," found in our insolvent law, (Laws 1881, c. 148, § 2,) include any act or action on the part or behalf, or with the co-operation, of the insolvent debtor, the purpose, natural tendency, and effect of which will be to give one of his creditors a preference over others. It is not necessary that the act or action should have gone so far as actually to give and consummate the preference. It is enough if such is its purpose and natural tendency, and will be its effect.

William Lindeke, and others, creditors of J. W. Kollmann, whose claims exceed the sum of $200, filed their petition in the district court for Ramsey county, asking for the appointment of a receiver of the debtor's property, under the provisions of the insolvency act of

1881. By consent the venue was changed to Rice county, where the petition was heard before *Buckham*, J., and an order was made appointing a receiver. From this order Kollmann appeals.

*Baxter, Townley & Gale,* for appellant.

*Warner, Stevens & Lawrence,* for respondents.

BERRY, J. Section 2 of our insolvent law (Laws 1881, *c.* 148) enacts that "when any debtor, being insolvent, shall do any act * * * whereby any one of his creditors shall obtain a preference over any other of his creditors, * * * contrary to the intent of this act," two of his creditors may make a petition to the district court, or a judge thereof, "setting forth therein such matters and facts as may be pertinent." And if, upon a hearing, it shall appear to the court or judge "that the debtor is insolvent, or [and] has been giving, or is about to give, a preference to any of his creditors over others," a receiver shall be appointed, etc.

In our opinion, the words "do any act * * * whereby any one of his creditors shall obtain a preference over any other," include any act or action on the part or behalf of, or with the co-operation of the insolvent debtor, the purpose, natural tendency, and effect of which will be to give one of his creditors a preference over others. It is not necessary that the act or action should have gone so far as actually to give and consummate the preference. It is enough if such is its purpose and natural tendency, and *will be* its effect.

This construction is not at all forced in itself, and it is fortified by reference to the subsequent provision of the same section, viz., that if it shall appear to the court or judge, on the hearing upon the petition, that the debtor "has been giving, or is about to give, a preference to any of his creditors over others," a receiver shall be appointed. Evidently this embraces preferences *to be* given, as well as those which *have been* given. And as it is to be presumed that the legislature intend the several provisions of a law to be consistent with each other, it is in this instance to be presumed (if, as we think, it reasonably may) that the required allegations of the petition, and the proofs required upon the hearing, cover the same ground. It would certainly be an anomaly in legal proceedings if *allegata* and *probata* were not to correspond, and if it were allowable, in order to make out a

case for relief sought, to prove something which could not be embraced in the allegations of a properly-drawn petition. And as, in cases like that before us, it is sufficient to show upon the hearing that the debtor *is about* to give a preference, the provisions regulating the contents of the petition should be so construed (if they reasonably may) as to include anything which shows that the debtor is about to do so. It may be added that with this construction the law is much more complete and effective than it would be without it. For if a creditor must wait until a preference is fully consummated before moving, he is in great danger, under the operation of the proviso of section 1, of losing all opportunity of recourse to his debtor's property. See *In re Jones,* 33 Minn. 405.

Tested by our construction of the law, we think the petition in this case sufficient. Among other things as to which no exception is taken here, it in effect alleges that, at the insolvent's instigation, and as a part of a *"programme and arrangement"* devised by him, one Weichers has commenced two actions against him to recover an indebtedness of about $26,000, and that these actions have been brought to compel his other creditors to accept an unjust composition, and (in case of their refusal to accept the same) to prefer said Weichers to the extent of $26,000, by permitting said actions to pass into judgment, and execution to be issued and levied upon the insolvent's property, without any provision being made for its distribution among his creditors without preference. No argument is required to show that the purpose, natural tendency, and effect of this conduct on the part of the insolvent will be to give Weichers a preference over the other creditors, like the plaintiffs, whose demands are not in judgment or in suit. This result is not altered or affected by the condition upon which the carrying out of the threatened preference is made to depend, viz., that the creditors refuse to accept an unjust or any composition, for this is a condition upon which the insolvent has no right to insist, and to which the creditors are under no obligation to submit.

It only remains to add that the petition is more than supported by the evidence, which fully justifies the order appointing a receiver.

Order affirmed.