METROPOLITAN TRUST COMPANY, Assignee, v. NORTHERN TRUST
COMPANY, Receiver.[1]

June 27, 1895.

Nos. 9412—(176).

### Appointment of Receiver in Insolvency.

Evidence considered, and *held* sufficient to justify the court in appoint-
ing a receiver.

Application in the district court for Hennepin county by Henry
Hill and others, copartners under the firm name of Hill, Sons & Co.
for the appointment of a receiver of the property and estate of Mason
H. Crittenden and Archie M. Crittenden, individually and as copart-
ners as M. H. Crittenden & Son. From an order of the court, Hicks,
J., appointing Northern Trust Company as such receiver, Metropol-
itan Trust Company, assignee of Mason H. Crittenden, insolvent,
appealed. Affirmed.

*A. C. Finney* and *Fred W. Reed,* for appellant.

*Wadsworth & Wadsworth,* for Northern Trust Company and Hill,
Sons & Co., respondents.

BUCK, J. This is an appeal by the Metropolitan Trust Company,
as assignee of Mason H. Crittenden, from an order of the district
court of Hennepin county appointing the Northern Trust Company
receiver in insolvency of the property of Mason H. Crittenden and
Archie M. Crittenden, copartners as M. H. Crittenden & Son.

This proceeding was instituted upon the petition of Hill, Sons &
Co., as creditors of the firm of M. H. Crittenden & Son. The peti-
tioners held the overdue note of that firm for the sum of $2,500, and
charged in their petition for the appointment of a receiver in insol-
vency of the property of said debtors that Archie M. Crittenden
was a general partner in the firm of M. H. Crittenden & Son prior to
and at the time of the pretended voluntary assignment by Mason H.
Crittenden, as the sole member of said firm, to appellant, and that
such assignment of Mason H. Crittenden, on August 15, 1894, was

[1] Reported in 63 N. W. 1030.

invalid by reason of the failure of Archie M. Crittenden to join therein as a general partner, and that, therefore, such assignment gave a preference to the other creditors of the firm.

The principal issuable fact was the question of the partnership between Mason H. Crittenden and Archie M. Crittenden, and this involved the validity of the assignment by Mason H. Crittenden, as sole member of the firm.     The debtors, Crittenden & Son, do not deny that they were partners at the time of the assignment, nor is it denied by any creditor.     It is the assignee alone who asserts that the Crittendens were not partners.

We are of the opinion that the petition for the appointment of a receiver under the insolvency law states facts sufficient to constitute a cause or ground for such appointment.     It is unnecessary for us to go into an examination of all the facts which lead to this conclusion, nor is it necessary for us to spend time in analyzing the evidence introduced to sustain the facts alleged in the petition. Whatever may have been the business relation between the Crittendens, as to their being partners as between themselves, the conclusion is so irresistible that they were partners as to third persons that we need not discuss the matter.     Hence the attempted assignment of Mason H. Crittenden of all of his property would include his partnership interest in the firm of M. H. Crittenden & Son, and as to the other partner, Archie M. Crittenden, who was present at the time of the assignment, and did not join therein, such assignment is void as to the copartnership creditors.     Even if the assignment was valid as to Mason H. Crittenden's individual creditors, yet it would be giving a preference to them as against the partnership creditors.     "It is not necessary that the act or action should have gone so far as actually to give and consummate the preference.     It is enough if such will be its effect."     In re Kollmann, 34 Minn. 282, 25 N. W. 602.

Not only this, but he omitted to do that which he might lawfully have done to prevent some of his creditors from obtaining a preference over other of his creditors.     On September 12, 1894, one Walter M. Berry commenced an action in the district court of Hennepin county against Mason H. Crittenden & Son, as copartners, and filed his verified complaint in said court on the same day, and 20 days thereafter judgment was entered by default against them, as such copart-

ners, for the sum of $1,051.89. They took no steps to make an assignment to protect their other creditors, but wholly omitted to do that which they might have done to prevent one creditor from obtaining a preference over any other of their creditors. The statute not only prohibits the insolvent debtor from giving preferences, but imposes upon him a duty to see that such preferences are not obtained by one creditor over another by the intentional, passive acquiescence of the debtor. There may be unlawful preferences given by an insolvent debtor by his willful omission of duty, as well as by his active, affirmative acts in giving such preference. This default was more than 10 days after levy upon execution under said judgment, and less than 60 days prior to the time of filing the petition.

Our conclusion, therefore, is that the order appealed from, appointing the receiver, should be, and hereby is, affirmed.